UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,    Civil Action No. CV 10-4471

v.

NASSAU COUNTY DEPARTMENT OF
PARKS, RECREATION, and MUSEUMS,
and NASSAU COUNTY,

                Defendants.
------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 30 2010 ★
BROOKLYN OFFICE

WEXLER, J
WALL, M.J.

## NATURE OF THE ACTION

This is an action to correct unlawful employment practices in violation of the Age Discrimination in Employment Act (ADEA) and to provide appropriate relief to Jay Lieberfarb. As alleged with greater specificity below, the Equal Employment Opportunity Commission (the Commission) alleges that Defendants Nassau County Department of Parks, Recreation and Museums and Nassau County discriminated against Lieberfarb by treating him less favorably than younger employees. Defendants first suspended Lieberfarb after he failed a swim test and then discharged him from his lifeguard position before he was given the chance to complete a retest, whereas younger lifeguards were not suspended or discharged and instead were permitted to continue working despite failing the same swim test.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c) and § 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York, within Nassau County, New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Nassau County Department of Parks, Recreation and Museums has continuously been a division or department of Defendant Nassau County and a political subdivision of the State of New York, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Department of Parks, Recreation and Museums has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

6. At all relevant times, Defendant Nassau County has continuously been a municipal corporation under New York state law and a political subdivision of the State of New York, and has continuously had at least 20 employees.

7. At all relevant times, Defendant Nassau County has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

9. Beginning on June 23, 2009, Defendants engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623. The practices included the following:

   a. On or about June 23, 2009, Defendants suspended Lieberfarb from his position as Lifeguard Captain for one week without pay after he failed two required swim tests.

   b. On or about June 30, 2009, Lieberfarb was retested on the 50 meter swim test and passed, although he was injured during the test. Lieberfarb was willing to take the second test (the 200 meters) that day despite his injury, but Defendants' test administrators told him he could take that test one week later if he provided a Doctor's note.

   c. On July 2, 2009, before being offered the opportunity to retest and provide a Doctor's note, Defendants discharged Lieberfarb on grounds that he was no longer qualified to be a lifeguard because he failed to pass the 200 meter swim test.

   d. At the time Lieberfarb was discharged, he was age 71, had been a lifeguard for over 50 years, and was certified by the Nassau County Department of Health.

  e. Defendants did not suspend or discharge lifeguards who were much younger than Lieberfarb and who failed one or both of the swim tests, but instead permitted some of them to work between the date they initially failed one or more of the swim tests and the date they eventually passed both tests.

10. The effect of the practices complained of above has been to deprive Lieberfarb of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

11. The unlawful employment practices complained above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating against employees age 40 and over, on the basis of age, and from engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older;

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

C. Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to Lieberfarb, whose wages are being unlawfully withheld as a result of the acts complained of above;

D.  Order Defendants to make whole Lieberfarb, whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

E.  Order Defendants to make whole Lieberfarb, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to the reinstatement of Lieberfarb to Defendant Department of Parks, Recreation and Museums, with permanent employment status and with restoration of all rights and privileges of employment lost as a result of the discrimination, including but not limited to restoration of seniority, and front pay.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 29, 2010
  New York, New York

Respectfully submitted,

David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
4th Floor, Room 5SW30B
Washington, D.C. 20507-0100

5

*[signature]*
Elizabeth Grossman (EG-2478)
Regional Attorney
elizabeth.grossman@eeoc.gov

*[signature]*
Robert D. Rose (RR-9174)
Supervisory Trial Attorney
robert.rose @eeoc.gov

*[signature]*
Ami Sanghvi (AS-5128)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th floor
New York, N.Y.  10004-2112
Telephone:  (212) 336-3672
Facsimile: (212) 336-3623
ami.sanghvi@eeoc.gov