Case 2:10-cv-04471-LDW-WDW   Document 26   Filed 10/10/12   Page 1 of 10 PageID #: 1357
Case 2:10-cv-04471-LDW-WDW   Document 23   Filed 05/29/12   Page 1 of 10 PageID #: 1335
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 1 of 10 PageID #: 1325

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                  Plaintiff,

v.

NASSAU COUNTY DEPARTMENT
OF PARKS, RECREATION, and
MUSEUMS, and NASSAU COUNTY,

                  Defendants.
-----------------------------------------------------------X

CV 10-4471 (LDW) (WDW)



## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this case on September 30, 2010 against Defendants Nassau County Department of Parks, Recreation, and Museums and Nassau County ("Defendants"). EEOC brought this action to correct alleged unlawful employment practices in violation of the Age Discrimination in Employment Act (ADEA) and to provide appropriate relief to Charging Party Jay Lieberfarb. Specifically, EEOC alleges that Defendants discriminated against Lieberfarb by treating him less favorably than younger employees. Defendants first suspended Lieberfarb for seven days without pay after failing two timed swim tests and later fired Lieberfarb after he passed one timed swim test and was unable to complete the second due to an injury. EEOC alleges that younger lifeguards who did not take or pass the swim test were not similarly suspended or fired.

Defendants Nassau County and the Nassau County Department of Parks deny liability and do not admit any unlawful conduct or wrongdoing.

Case 2:10-cv-04471-LDW-WDW   Document 26   Filed 10/10/12   Page 2 of 10 PageID #: 1358

Case 2:10-cv-04471-LDW-WDW   Document 23   Filed 05/29/12   Page 2 of 10 PageID #: 1336
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 2 of 10 PageID #: 1326

The parties agree to resolve this action and therefore stipulate and consent to the entry of this Consent Decree ("Decree") as final and binding between the parties and their successors, assigns, subsidiaries, divisions, and affiliates. The parties agree that this Decree is being entered into prior to the Court making Findings of Fact or Conclusions of Law regarding the allegations. No waiver, modification, or amendment of any term or provision of this Decree will be effective unless made in writing, approved by all parties, and approved or ordered by the Court.

The parties submit this Decree for Preliminary Approval by the Court in anticipation of Defendants' securing approval, if necessary, of payment of damages pursuant to paragraph 8 of this Decree from the Nassau County State Legislature and/or the Nassau Interim Finance Authority (NIFA). After such payment is made, the parties will request Final Approval of this Decree from the Court. The parties shall submit a request for Final Approval or at a minimum provide a status update to the Court regarding such submission, within one hundred twenty (120) days of Preliminary Approval.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which the parties acknowledge, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### General Provisions

1. This Decree is final and binding between the parties signatory hereto. This Decree fully and finally resolves all pending issues and claims alleged in the Complaint filed by EEOC. This Decree in no way affects EEOC's right to process any pending or future charges filed against Defendants and to commence civil actions on any such charges.

2. This Decree applies in full to Defendant Nassau County Department of Parks, Recreation and Museums and Defendant Nassau County, as more particularly set forth herein.

Case 2:10-cv-04471-LDW-WDW   Document 26   Filed 10/10/12   Page 3 of 10 PageID #: 1359
Case 2:10-cv-04471-LDW-WDW   Document 23   Filed 05/29/12   Page 3 of 10 PageID #: 1337
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 3 of 10 PageID #: 1327

3. Any reference in this Decree to "all employees" refers to employees, regardless of title, salary, grade, bargaining unit, employment status (permanent, temporary, seasonal, provisional, full-time and/or part-time) or jurisdictional classification (exempt, non-competitive, competitive or labor class), who are presently working in the Nassau County Department of Parks, Recreation and Museums ("Parks Department"), unless otherwise indicated.

4. This Court has jurisdiction over the subject matter and the parties to this action, venue is proper and all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

5. The Court retains jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree. A breach of any term of this Decree by either or both Defendants will be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action in Court.

6. Defendants will send by electronic mail or regular mail any documents, reports, forms, or other information required to be forwarded to EEOC, to "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov, or to the attention of Consent Decree Monitor at Equal Opportunity Commission, 33 Whitehall St., 5th Floor, New York, New York, 10004.

7. The parties will bear their own attorney's fees and costs incurred in this action.

### Relief for Charging Party Jay Lieberfarb

8. <u>Monetary Relief</u>

a. Defendants will deliver by certified mail a check made payable to Jay Lieberfarb for backpay damages in the amount of sixty five thousand dollars ($65,000.00). In case the funding of monetary relief needs approval from the Nassau County Legislature and/or NIFA, this

3

Case 2:10-cv-04471-LDW-WDW   Document 26   Filed 10/10/12   Page 4 of 10 PageID #: 1360
Case 2:10-cv-04471-LDW-WDW   Document 23   Filed 05/29/12   Page 4 of 10 PageID #: 1338
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 4 of 10 PageID #: 1328

monetary relief provision of the Consent Decree shall not be binding until said approval is received. Defendants will inform EEOC within thirty (30) days of entry of Preliminary Approval of the Decree if the funding of monetary relief needs approval from the Nassau County Legislature and/or NIFA. If the funding needs approval from the Nassau County Legislature and/or NIFA, Defendants will make all efforts to have the Nassau County Legislature and/or NIFA approve the funding within sixty (60) days of the Preliminary Approval of the Decree. Defendants will make payment within thirty (30) days of Nassau County Legislature and/or NIFA's approval of the monetary relief or within sixty (60) days of Preliminary Approval of this Decree if no funding approval is necessary. If the Nassau County Legislature and/or NIFA does not approve funding for monetary relief within one hundred twenty (120) days of Preliminary Approval of the Decree, the case will return to the Court for trial on the issue of monetary damages only and all other provisions of the Consent Decree will remain in effect.

b. The appropriate tax forms will be issued to Jay Lieberfarb at the end of the tax year in which payment was made.

c. Defendants will simultaneously forward a copy of the check to EEOC.

### Injunctive Relief

9. Non-discrimination

a. Defendants, their officers, successors, assigns, and all persons in active concert or participation with them are enjoined from discriminating on the basis of age against employees age 40 and over in regard to suspension or termination.

b. Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, are enjoined from engaging in retaliation of any kind against any person

4

Case 2:10-cv-04471-LDW-WDW   Document 26     Filed 10/10/12   Page 5 of 10 PageID #: 1361
Case 2:10-cv-04471-LDW-WDW   Document 23     Filed 05/29/12   Page 5 of 10 PageID #: 1339
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 5 of 10 PageID #: 1329

because the person is a beneficiary of this Decree, has filed a complaint, or has provided information, assistance or participated in any other manner in this investigation or litigation.

10. <u>Policies and Procedures</u>

a. Within thirty (30) days after the entry of Preliminary Approval of this Decree, the parties shall meet and confer in order to revise Defendants' 2009 EEO Policy. Within sixty (60) days after entry of Preliminary Approval of this Decree, Defendants will revise the EEO Policy to reflect subsequent changes in the law, including reference to the Genetic Information Nondiscrimination Act of 2008 and the Americans with Disability Act Amendments Act of 2008. Defendants will provide the revised EEO Policy to EEOC for review and will not adopt the policy as final if EEOC's objections to the policy have not been resolved. In the event that the parties cannot reach agreement as to the revisions of the policy, EEOC may bring the dispute to the attention of the Court for resolution. Before bringing the issue to the attention of the Court, EEOC will provide Defendants written notice of the impasse. EEOC will have fifteen (15) days from the date of the written notice of impasse to bring the dispute to the Court for resolution.

b. After Defendants have revised the EEO Policy, Defendants will disseminate the revised EEO Policy to all employees. Defendants will provide a copy of the EEO Policy to all employees hired after the entry of Preliminary Approval of this Decree within five (5) days of the start of his/her employment.

c. On an annual basis Defendants will disseminate to all of their employees the EEO Policy with cover letters providing contact information for Defendants' EEO Representative in the event an employee has any questions about the EEO policy.

Case 2:10-cv-04471-LDW-WDW   Document 26   Filed 10/10/12   Page 6 of 10 PageID #: 1362
Case 2:10-cv-04471-LDW-WDW   Document 23   Filed 05/29/12   Page 6 of 10 PageID #: 1340
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 6 of 10 PageID #: 1330

11. <u>Trainings</u>

a. Within one hundred eighty (180) days after the entry of Preliminary Approval of this Decree, or at any time earlier at Defendants' discretion, Defendants will require all employees of the Parks Department to participate in a two (2) hour anti-discrimination on-line training. Before training begins, Defendants will provide a copy of the training materials and agenda to EEOC for review. Defendants will not adopt the training as final if EEOC's objections to the content of the training have not been resolved. In the event that the parties cannot reach agreement as to the content of the training, EEOC may bring the dispute to the attention of the Court for resolution. Before bringing the issue to the attention to the Court, EEOC will provide Defendants with written notice of the impasse. EEOC will have fifteen (15) days from the written notice of impasse to bring the dispute to the attention of the court for resolution. The training will cover the statutes enforced by EEOC, with an emphasis on the ADEA. The training will also cover Defendants' EEO Policy, how to make complaints of discrimination internally to Defendants, externally to federal, state, and local officials, and that retaliation for making such complaints is prohibited. Defendants will maintain a list of the employees that participated in the training.

b. Within one hundred eighty (180) after the entry of Preliminary Approval of this Decree, Defendants will require all management and supervisory personnel in the Parks Department to participate in a two (2) hour anti-discrimination on-line training to educate management about Defendants' EEO Policy and responsibilities relating to employee discrimination complaints. Before training begins, Defendants will provide a copy of the training materials and agenda to EEOC for review. Defendants will not adopt the training as final if EEOC's objections to the content of the training have not been resolved. In the event that the parties cannot reach agreement as to the content of the training, EEOC may bring the dispute

Case 2:10-cv-04471-LDW-WDW   Document 26   Filed 10/10/12   Page 7 of 10 PageID #: 1363
Case 2:10-cv-04471-LDW-WDW   Document 23   Filed 05/29/12   Page 7 of 10 PageID #: 1341
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 7 of 10 PageID #: 1331

to the attention of the Court for resolution. Before bringing the issue to the attention to the Court, EEOC will provide the defendants with written notice of the impasse. EEOC will have fifteen (15) days from the written notice of impasse to bring the dispute to the attention of the court for resolution. Defendants will maintain a list of the employees that participated in the training.

c. On an annual basis, Defendants will repeat the training sessions, described in Paragraphs 11(a) and (b).

12. Postings

a. Within ten (10) days after the entry of Preliminary Approval of this Decree, Defendants will post the "Notice of Lawsuit and Settlement," attached as Exhibit A, in locations readily accessible to and commonly frequented by Parks Department employees.

13. Reporting

a. Defendants must inform EEOC in writing of any suspension or termination involving any employee over forty (40) years of age in the Parks Department. Terminations of seasonal employees occurring at the end of the season are not to be included in the reporting under this provision. Every six (6) months, beginning six months after the entry of Preliminary Approval of the Decree, Defendants will provide a report containing (i) the name, address, phone number and job title of such employee and (ii) a summary of the reasons why Defendants took such employment action and the date on which such action was taken. EEOC will not publish the names, addresses, and phone numbers included in the report to the general public.

b. Every six (6) months, beginning six months after the entry of the Decree, Defendants will provide EEOC with a report listing all complaints of age discrimination made at the Parks Department, either formal or informal, oral or written, including the identity of the parties involved, a detail summary of the allegations, a summary of the steps taken during the

7

Case 2:10-cv-04471-LDW-WDW   Document 26   Filed 10/10/12   Page 8 of 10 PageID #: 1364
Case 2:10-cv-04471-LDW-WDW   Document 23   Filed 05/29/12   Page 8 of 10 PageID #: 1342
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 8 of 10 PageID #: 1332

investigation, the results of the investigation, and any disciplinary action taken. EEOC will not publish the identity of the parties included in the report to the general public.

14. <u>Monitoring</u>

a. EEOC may monitor Defendants' compliance with this Decree through inspection of Defendants' premises and records, through interviews with employees and managers and through attendance at any of the training sessions described in Paragraph 11 above.

b. Defendants will make available for inspection and copying any records reasonably related to this Decree.

Case 2:10-cv-04471-LDW-WDW   Document 26    Filed 10/10/12   Page 9 of 10 PageID #: 1365
Case 2:10-cv-04471-LDW-WDW   Document 23    Filed 05/29/12   Page 9 of 10 PageID #: 1343
Case 2:10-cv-04471-LDW-WDW   Document 22-1  Filed 05/22/12   Page 9 of 10 PageID #: 1333

15. This Decree will remain in effect for three (3) years from the date of entry.

Dated: 5/22/12
Central Islip, NY

| FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | FOR DEFENDANTS NASSAU COUNTY & NASSAU COUNTY DEPARTMENT OF PARKS, RECREATION, AND MUSEUMS |
|---|---|
| */s/ Elizabeth Grossman* | */s/ Susan Tokarski* |
| Elizabeth Grossman, Regional Attorney<br>Robert D. Rose, Supervisory Trial Attorney<br>Konrad Batog, Trial Attorney<br>Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, NY 10004<br>Tel: (212) 336-3700<br>Fax: (212) 336-3623<br>E-mail: konrad.batog@eeoc.gov | Susan Tokarski, Deputy County Attorney<br>Office of the Nassau County Attorney<br>One West Street<br>Mineola, New York 11501<br>Tel: (516) 571-3001<br>Fax: (516) 571-6604<br>Email: stokarski@nassaucounty.gov |

PRELIMINARY APPROVAL
SO ORDERED, ADJUDGED AND DECREED

this 29TH day of MAY, 2012.

S/LD Wexler

United States District Judge Leonard D. Wexler

FINAL APPROVAL
SO ORDERED, ADJUDGED AND DECREED

this 10 day of OCTOBER, 2012.

United States District Judge Leonard D. Wexler

CENTRAL ISLIP, NY

9

Case 2:10-cv-04471-LDW-WDW   Document 26   Filed 10/10/12   Page 10 of 10 PageID #: 1366
Case 2:10-cv-04471-LDW-WDW   Document 23   Filed 05/29/12   Page 10 of 10 PageID #: 1344
Case 2:10-cv-04471-LDW-WDW   Document 22-1   Filed 05/22/12   Page 10 of 10 PageID #: 1334

**EXHIBIT A: TO BE PLACED ON DEFENDANTS' LETTERHEAD**

**NOTICE TO EMPLOYEES OF NASSAU COUNTY AND NASSAU COUNTY DEPARTMENT OF PARKS, RECREATION, AND MUSEUMS**

This Notice is being posted as part of a Consent Decree entered by the Court in resolution of an age discrimination lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC"), the federal agency responsible for enforcing antidiscrimination laws in the workplace, against Nassau County and Nassau County Department of Parks, Recreation, and Museums ("Defendants").

Federal law, the Age Discrimination in Employment Act ("ADEA"), prohibits employers from discriminating against employees based on employees' age (employees over the age of 40), and prohibits retaliation against employees for opposing age discrimination. Defendants, their managers, officers, and agents will support and comply with Federal law prohibiting discrimination against any employee or applicant for employment because of an individual's age with respect to hiring, firing, compensation, or other terms, conditions, or privileges of employment.

Pursuant to the Consent Decree, Defendants will:

1. Not engage in any unlawful employment discrimination or retaliation against any person who exercises his or her rights under federal anti-discrimination laws;

2. Maintain and distribute written policies and procedures prohibiting discrimination and enabling employees to file discrimination complaints;

3. Provide training on federal laws prohibiting employment discrimination to all current and future employees;

4. Permit EEOC to monitor compliance with the Consent Decree; and

5. Distribute this Notice.

Should you have any complaints of discrimination, you may contact: [**INSERT Defendants' EEO Contact Information**]. You may also report it directly to any EEOC office throughout the United States, including in the New York District Office, located at:

> *Equal Employment Opportunity Commission*
> **33 Whitehall Street, 5th Floor**
> **New York, NY 10004**
> **1 (800) 669-4000**
> **For more information, please visit us on the web at www.eeoc.gov**

By: _____     Dated: _____

**THIS IS AN OFFICIAL NOTICE AND WILL NOT BE DEFACED BY ANYONE**
This notice must remain posted for three years from date of posting, until INSERT DATE.